IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN D. NEWCOMB,

                      Petitioner,                      OPINION AND ORDER

   v.

                                                  12-cv-862-wmc

R. WERLINGER, WARDEN,
FCI-OXFORD,

                      Respondent.[1]

---

Petitioner John D. Newcomb is currently incarcerated by the United States Bureau of Prisons as the result of a federal conviction entered against him in this district. Newcomb has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of that conviction and sentence. For reasons set forth below, the petition must be dismissed.

FACTS

The following facts are taken from the pleadings and the electronic docket in Newcomb's underlying criminal case:

In 2004, a grand jury in this district returned an indictment against Newcomb, charging him with manufacturing methamphetamine, as well as other, related offenses in violation of 21 U.S.C. §§ 841(a)(1), 841(c)(2), 843(a)(6). *See United States v. Newcomb*, Case No. 04-cr-90-jcs (W.D. Wis.). After a jury found Newcomb guilty as charged, the

---

[1] At the time that he filed his habeas corpus petition, Newcomb was confined at the Federal Correctional Institution in Oxford, Wisconsin. In September 2013, Newcomb was transferred to a different federal prison facility.

district court sentenced him to serve 180 months in federal prison, followed by a five-year term of supervised release.

On direct appeal, the attorney who was appointed to represent Newcomb filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), certifying that there were no non-frivolous issues for appellate review. The United States Court of Appeals for the Seventh Circuit considered the sufficiency of the evidence, reviewed the propriety of several pretrial rulings by the district court and concluded there was no basis to overturn the conviction. *See United States v. Newcomb,* 139 F. App'x 746, 747-48 (7th Cir. July 19, 2005). The Seventh Circuit also considered whether Newcomb was entitled to a limited remand for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), which held that the United States Sentencing Guidelines could no longer be considered mandatory. The Seventh Circuit ultimately decided, however, that remand was unnecessary because "the district court, anticipating the Supreme Court's decision in *Booker*, specified an alternative sentence fashioned by relying on the guidelines as advisory and also invoking the provisions of 18 U.S.C. § 3553(a)." *Newcomb*, 139 F. App'x at 748. Newcomb did not challenge his conviction further by seeking certiorari review from the United States Supreme Court or by filing a motion for relief pursuant to 28 U.S.C. § 2255 with the sentencing court.

Newcomb now seeks a writ of habeas corpus to challenge his conviction and sentence pursuant to 28 U.S.C. § 2241. Newcomb contends primarily that he is entitled to a reduction in sentence under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which resulted in an amendment to the United States Sentencing

2

Guidelines (Amendment 750). Newcomb also asks the court to consider reducing his sentence based on his successful completion of a drug treatment program and other "post-offense rehabilitative efforts." In addition, Newcomb contends that he is entitled to relief because: (1) he was sentenced under mandatory guidelines in violation of *United States v. Booker*, 543 U.S. 220 (2005); (2) the district court failed to clarify the amount of drugs attributable to Newcomb when calculating his sentence; (3) the trial court made erroneous rulings at trial and in denying his motion to suppress; and (4) he was denied the right to effective assistance of counsel in connection with his trial and sentencing. Newcomb's request for a reduction in sentence and his petition for a writ of habeas corpus are addressed separately below.

OPINION

**I. Newcomb's Request for a Reduction in Sentence**

As an initial matter, Newcomb's request for a reduction or modification in the term of his imprisonment based on Amendment 750 is governed by 18 U.S.C. § 3582(c). Under this statute, a district court may modify "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" only if such a reduction is "consistent with" applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2691 (2010) (outlining the two-step process for determining whether a defendant is eligible for relief under § 3582(c)(2)).

The Sentencing Commission has promulgated policy statements regarding a court's consideration of a motion under 18 U.S.C. § 3582(c)(2) at § 1B1.10 of the United States Sentencing Guidelines. According to the applicable policy statement, a reduction in a defendant's term of imprisonment is authorized only if the amendment that the defendant relies upon is listed in § 1B1.10(c) of the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(a). Amendment 750 (parts A and C only) is listed among the retroactive amendments found in § 1B1.10(c). These portions of Amendment 750, which went into effect on November 1, 2011, apply retroactively to reduce the penalty for certain offenses involving cocaine base or crack cocaine. Because Newcomb was not convicted of an offense involving crack cocaine, however, he is not eligible for a reduction of sentence under Amendment 750.

With respect to Newcomb's rehabilitative efforts, evidence of positive post-sentencing conduct, while certainly commendable, may not serve as a basis for modifying a sentence of imprisonment unless a defendant is eligible for a reduction under § 3582(c)(2). *See United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010); U.S.S.G. 1B1.10, cmt. n.1(B)(iii) (commenting on whether a court may consider post-sentencing conduct when a reduction in the term of imprisonment is warranted). Because Newcomb does not demonstrate that he is eligible for a reduction in sentence pursuant to § 3582(c)(2), his motion to modify the term of imprisonment must be denied.

**II. Newcomb's Habeas Corpus Petition**

Newcomb also seeks judicial review of his conviction and sentence in Case No. 04-cr-90-jcs pursuant to 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" Review under § 2241 is usually reserved for attacking the execution, not the imposition, of a sentence. *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). By contrast, "[28 U.S.C.] § 2255 is the exclusive means for a federal prisoner to attack his conviction [or sentence]." *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255).

To the extent that Newcomb challenges the validity of his conviction and sentence, his petition is governed by § 2255. *See Hill*, 695 F.3d at 647. Review under § 2255 is proscribed by a one-year statute of limitations that ordinarily begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In this instance, Newcomb's conviction was affirmed on July 19, 2005, and became final 90 days later in October 2005, when his time expired to seek certiorari review by the United States Supreme Court. Because Newcomb's one-year statute of limitations expired in October 2006, he is barred from seeking relief under § 2255.

A federal prisoner who is barred from seeking relief under § 2255 may not circumvent the statutory restrictions on review by challenging his conviction or sentence under § 2241. *See United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002) (quoting *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)). A narrow exception to this rule

5

exists where a federal prisoner can satisfy the "savings clause" found in § 2255(e). *Hill*, 695 F.3d at 648; *Kramer*, 347 F.3d at 217 (citation omitted). The savings clause allows a prisoner to proceed under § 2241 only if he can show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Kramer*, 347 F.3d at 217 (citation omitted). Newcomb falls well short of that showing here.

Most of Newcomb's substantive claims for relief appear to have been addressed during his direct appeal. *See United States v. Newcomb,* 139 F. App'x 746 (7th Cir. July 19, 2005). If there were grounds to reconsider any of those claims, Newcomb could also have raised them in a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *See Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) (explaining that the "law of the case" doctrine bars a defendant from relitigating issues considered previously "unless there is some good reason" for reexamining those issues). Likewise, Newcomb's claim that he was denied the right to effective assistance of counsel could have, and should have, been presented in a timely motion to vacate, set aside or correct sentence pursuant to § 2255. *See Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (observing that a petitioner's prior failure to present a constitutional claim or "theory that has long been appropriate for collateral review does not render § 2255 'inadequate or ineffective'"). Newcomb's decision to bypass § 2255 altogether does not make that remedy inadequate or ineffective. *See, e.g., Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (observing that a federal prisoner "cannot lever his way into section 2241 by *making* his section 2255 remedy inadequate") (emphasis in original).

6

In addition, the Seventh Circuit has found that § 2255 is inadequate for purposes of the savings clause only when statutory restrictions would otherwise prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *Taylor*, 314 F.3d at 835. Even under the exceedingly lenient standard that governs *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), none of Newcomb's proposed legal theories demonstrate actual innocence. *See, e.g., Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Under these circumstances, Newcomb does not show that his petition fits within the savings clause found in § 2255(e).

Because Newcomb does not fit within the savings clause found in § 2255(e), he may not proceed under § 2241 and his pending petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

## ORDER

IT IS ORDERED that:

1. Petitioner John Newcomb's motion to reduce or modify his term of imprisonment under 18 U.S.C. § 3582(c)(2) is DENIED.

2. Newcomb's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction because his claims do not fit within the savings clause found in 28 U.S.C. § 2255(e).

Entered this 18th day of December, 2013.

BY THE COURT:

\_\_\_/s/_____
WILLIAM M. CONLEY
District Judge